UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES PULU, CDCR #H-86891,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>A. COSTA, M. McVAY and CDCR,<br><br>　　　　　　　　　　Defendants. | Case No.:  23cv1582-JO-BGS<br><br>**ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915** |

　　　　Plaintiff Moses Pulu ("Plaintiff") is a state prisoner incarcerated at the Richard J. Donovan Correctional Facility ("Donovan") in San Diego, California.  Proceeding *pro se*, he filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging that Correctional Officer Costa slammed a cell door on him and that Warden McVay and the California Department of Corrections and Rehabilitation ("CDCR") failed to properly supervise Costa or investigate the incident.  Dkt. 1, Complaint.  For the reasons below, the Court dismisses Plaintiff's claims against Defendants McVay and CDCR and allows his claims against Officer Costa to proceed.

///

///

# I.   BACKGROUND

Plaintiff, an inmate at Donovan, alleges that Correctional Officer Costa retaliated against him by slamming a cell door on his chest and denying him proper medical care. As the Vice Chairman of the Inmate Advisory Council, Plaintiff had submitted various grievances against Costa complaining that she has a habit of purposefully closing doors on inmates. On August 1, 2022, Costa opened Plaintiff's cell door halfway and instructed him to exit his cell to get his medication. *Id.* at 3. As he stepped through the doorway, Costa deliberately "close[d] the cell door on his chest and laugh[ed] on the PA system." *Id*. Despite the fact that Plaintiff was yelling in anguish and pleading with Officer Costa to open the door, she waited approximately five minutes before doing so. *Id*. at 3–4. After opening the door, Costa laughed and told Plaintiff, "now you have a reason to snitch me out rat." *Id*. at 4. She then refused to summon medical care, and Plaintiff ultimately did not receive medical care until approximately 72 hours after his injury. *Id*. Three days later, Costa stated to Plaintiff "I know you been ratting me out, and your continual complaining of the way I close doors is going to cost you." *Id*. at 3. To this day, Plaintiff continues to suffer chest and muscle pain from the incident. *Id*. at 6.

Based on these facts, Plaintiff alleges First Amendment claims for retaliation and Eighth Amendment claims for excessive force and denial of medical care against Defendant Costa. *See generally id.* Additionally, he alleges that Warden McVay and the CDCR failed to supervise Officer Costa in violation of the First and Eighth Amendment and failed to investigate Plaintiff's grievances in violation of the Fourteenth Amendment. *Id.* at 5–7.

# II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the Court must *sua sponte* screen prisoner complaints seeking redress from a government entity or officer and dismiss any portions that are frivolous, malicious, fail to state a claim, or seek damages from defendants who are immune. *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (citing 28 U.S.C. § 1915A(b)). "Failure to state a claim under § 1915A incorporates the

familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although failure to state a claim under § 1915(e) incorporates the above Rule 12(b)(6) standards, a *pro se* litigant need only satisfy a "low threshold" to "proceed past the screening stage." *Wilhelm*, 680 F.3d at 1121, 1123.

When a court dismisses a complaint, it must then decide whether to grant leave to amend. Federal Rule 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A district court has discretion to deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725–26 (9th Cir. 2000). Amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (overruled on other grounds).

### III. DISCUSSION

After screening Plaintiff's complaint, the Court concludes that Plaintiff has satisfied the "low threshold" for stating his retaliation, excessive force, and denial of medical care claims against Defendant Costa. *See Wilhelm*, 680 F.3d at 1121. The Court will, therefore, only address his claims against the remaining defendants, Warden McVay and CDCR. First, the Court will consider whether Plaintiff has sufficiently pled that Defendants McVay and CDCR violated his First and Eighth Amendment rights by failing to supervise Costa. Second, the Court will consider whether these Defendants violated Plaintiff's Fourteenth Amendment rights by failing to investigate Plaintiff's grievances regarding Costa's

wrongful actions.

**A. First and Eighth Amendment Claim Against McVay and CDCR**

The Court first considers whether Plaintiff has alleged sufficient facts that Defendants McVay and CDCR violated his First and Eighth Amendment rights by failing to properly supervise Officer Costa. A plaintiff "must plead that each Government official defendant, through the official's own individual actions, has violated the constitution." *Iqbal*, 556 U.S. at 676–77 (rejecting argument that "a supervisor's mere knowledge of his subordinate's [unconstitutional actions] amounts to the supervisor's violating the Constitution."). Because there is no *respondeat superior* liability under section 1983, allegations "must be individualized and focus on . . . each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976)); *Palmer v. Sanderson*, 9 F.3d 1433, 1437–38 (9th Cir. 1993). A supervisor may only be held liable under section 1983 if a plaintiff has alleged specific facts which show "'either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 855 F.2d 642, 646 (9th Cir. 1989)).

Plaintiff's general allegations that Defendants McVay and CDCR attempted to cover up Costa's actions and that they are responsible for her actions are conclusory and therefore fail to state a claim. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," fail to state a claim for relief). Plaintiff pleads no facts regarding these Defendants' personal involvement in Costa's wrongful actions. He identifies no specific acts or omissions taken by them that caused Plaintiff's injury or served to conceal Costa's actions. *See Leer*, 844 F.2d at 633. Accordingly, the Court dismisses Plaintiff's First and Eighth Amendment claims against Defendants McVay and CDCR.

**B. Fourteenth Amendment Claim Against McVay and CDCR**

The Court next examines whether Plaintiff has sufficiently pled a Fourteenth Amendment due process claim against McVay and CDCR for their failure to properly investigate Costa's use of force. To state a claim for a violation of the Fourteenth Amendment, a plaintiff must, as a threshold matter, identify a liberty or property interest protected by the Constitution. *United States v. Guillen-Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014). A constitutionally cognizable property or liberty interest requires a "legitimate claim of entitlement"—i.e., an "existing law, rule, or understanding [that] makes the conferral of a benefit 'mandatory.'" *Id.* (*citing Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 760 (2005)); *see also Town of Castle Rock*, 545 U.S. at 756 ("Our cases recognize that a benefit is not a protected entitlement if government officials may grant or deny it in their discretion."). The Ninth Circuit has held that, in a prison context, inmates have no constitutional entitlement to have their grievances processed and/or investigated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that claimed loss of a liberty interest in the processing of grievance appeals is insufficient in order to state a claim under the Fourteenth Amendment); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Here, Plaintiff cannot make the threshold showing that he was denied a liberty interest protected by the Constitution. There is no existing law that provides Plaintiff with any constitutional entitlement to have his grievances against a correctional officer investigated or processed. Because Plaintiff cannot establish that he has a protected liberty interest in having his grievances properly investigated, McVay and CDCR's failures in this regard cannot form the basis of a due process claim. *See Ramirez*, 334 F.3d at 860. The Court thus dismisses this claim.

**C. Leave to Amend**

In light of Plaintiff's *pro se* status, the Court grants him leave to amend his Complaint to attempt to sufficiently allege First and Eighth Amendment claims against Defendants McVay and CDCR. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir.

2015) ("A district court should not dismiss a *pro se* complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). However, as to Plaintiff's Fourteenth Amendment claim against Defendants McVay and CDCR, the Court finds that pleading additional facts could not cure the fundamental defect that the injury at issue, i.e., the failure to investigate Plaintiff's grievances, does not rise to the level of a protected liberty interest. The Court therefore dismisses Plaintiff's due process claim with prejudice because amendment would be futile. *See Schmier v. U.S. Ct. of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (finding dismissal without leave to amend proper where further factual allegations could not cure deficiencies).

## IV. CONCLUSION

The Court has determined that Plaintiff's First and Eighth Amendment claims against Defendant Costa for retaliation, unnecessary use of force, and denial of medical care survive the *sua sponte* screening process and may proceed. Plaintiff's First and Eighth Amendment claims against McVay and CDCR are dismissed without prejudice. His Fourteenth Amendment claim against McVay and CDCR is dismissed with prejudice.

Plaintiff may (1) notify the Court of his intent to proceed only with the First and Eighth Amendment claims alleged against Defendant Costa; or (2) file an Amended Complaint that also attempts to correct the deficiencies with respect to his First and Eighth Amendment claims against McVay and CDCR. **Plaintiff must choose one of those options within forty-five (45) days from the date this Order is filed.** If Plaintiff notifies the Court that he wishes to proceed only with his claims against Defendant Costa, the Court will issue an Order directing the Clerk of Court to issue the summons so Plaintiff may effect service of the summons and Complaint on Defendant Costa, and all remaining claims and Defendants will remain dismissed from this action.

**IT IS SO ORDERED**.

Dated: January 23, 2024

Honorable Jinsook Ohta
United States District Judge