UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES PULU,<br>CDCR #H-86891,<br><br>                                Plaintiff,<br><br>vs.<br><br>A. COSTA, M. MCVAY, CDCR<br><br>                                Defendant. | Case No.: 23cv1582-JO-BGS<br><br>**ORDER:**<br><br>**(1) DISMISSING ALL CLAIMS AGAINST ALL DEFENDANTS EXCEPT A. COSTA PURSUANT TO 28 U.S.C. § 1915A(b), and**<br><br>**(2) DIRECTING CLERK OF COURT TO ISSUE SUMMONS PURUSANT TO Fed. R. Civ. P. 4(b)** |

Plaintiff Moses Pulu ("Plaintiff") is a state prisoner incarcerated at the Richard J. Donovan Correctional Facility in San Diego, California. Proceeding *pro se*, he filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that Correctional Officer Costa slammed a cell door on him and that Warden McVay and the California Department of Corrections and Rehabilitation failed to properly supervise Costa or investigate the incident. Dkt. 1, Complaint. On January 24, 2024, the Court screened the Complaint pursuant to 28 U.S.C. § 1915A(b) and found that only Plaintiff's First and Eighth Amendment claims against Defendant Costa for retaliation, unnecessary use of force, and denial of medical care survived the *sua sponte* screening process and may proceed. Dkt. 6 at 6. Plaintiff was given the choice of amending his Complaint or proceeding only with

respect to Defendant Costa. *Id.* Plaintiff has indicated he wishes to proceed only against Defendant Costa. Dkt. 7.

In light of the above, the Court:

1. **DISMISSES** all claims against all Defendants in Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(b) with the exception of Plaintiff's First and Eighth Amendment claims against Defendant Costa for retaliation, unnecessary use of force, and denial of medical care.

2. **DIRECTS** the Clerk of the Court to issue a summons for Defendant A. Costa as identified in Plaintiff's Complaint pursuant to Fed. R. Civ. P. 4(b) so that he may execute service upon Defendant as required by Fed. R. Civ. P. 4(c).[1] Plaintiff must effect personal service within 90 days of this Order, and file proof of that service pursuant to Fed. R. Civ. P. 4(l), or file a waiver pursuant to Fed. R. Civ. P. 4(d) within that time, or face dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

Dated: March 1, 2024

Honorable Jinsook Ohta
United States District Judge

---

[1] Because Plaintiff is not proceeding *in forma pauperis*, and now that his pleading has survived the *sua sponte* screening required by 28 U.S.C. § 1915A, he is "responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1); *see* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.") The Court has tolled Rule 4(m)'s service clock while it has conducted that screening. *See Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]–day service period is tolled until the court screens a plaintiff's *in forma pauperis* complaint and authorizes service of process.").